◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON L. MORRISON, Appellant. [885 NYS2d 696]—Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered May 22, 2006. The judgment convicted defendant, after a nonjury trial, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of assault in the second degree (Penal Law § 120.05 [7]). Viewing the evidence in light of the elements of the crime (*see generally People v Danielson*, 9 NY3d 342, 348-349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). " 'Great deference is to be accorded to the fact-finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (*People v Gritzke*, 292 AD2d 805, 805-806 [2002], *lv denied* 98 NY2d 697 [2002]), and we see no reason to disturb Supreme Court's determination

to credit the testimony of the victim that defendant "jumped" him in the victim's cell because defendant suspected the victim of being a "rat." Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.